#10/6 (6/6 hrg off)
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-1699 PSG (JCx) | Date | May 31, 2016 |
|---|---|---|---|
| Title | Janet Sikiyan v. Gabrielle Morris, MD, *et al.* (CV16-1699 PSG (JCx)) | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order DENYING Plaintiff's Motion to Remand, GRANTING Defendant's Motion to Dismiss and DENYING Defendant's Request for Attorneys' Fees

Pending before the Court is Plaintiff Janet Sikiyan's ("Plaintiff") motion to remand to state court and Defendant Gabrielle Morris, M.D.'s ("Defendant") motion to dismiss and request for attorneys' fees. *See* Dkts. # 10, 6. The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing and reply papers, the Court DENIES Plaintiff's motion to remand, GRANTS Defendant's motion to dismiss and DENIES Defendant's request for attorneys' fees.

I.  Background

Plaintiff is covered by an insurance plan operated by Anthem, Inc. ("Anthem"). Defendant Gabrielle Morris, M.D. ("Defendant") is an independent consultant who provides professional services for Anthem. Dkt. # 18 ("Remand Opp."), Ex. 1, *Declaration of Gabrielle Morris* ["Morris Decl."] ¶ 3. Specifically, Defendant reviews medical records "for the purposes of making benefit coverage determinations." *Id.* Defendant does not physically examine Anthem patients, speak to Anthem patients, provide medical recommendations for the patients, or have any other interaction with any Anthem patients. *Id.* Her role is "exclusively to review medical records as supplied to Anthem for the determination of whether specific types of specialized medical care are covered by Anthem." *Id.* Defendant does not determine "whether a patient's surgeon should or should not perform the proposed care; instead, [her] determination is relevant only to whether Anthem will pay for that care." *Id.*

In February, 2015 Plaintiff's treating physician Frank Acosta, M.D. ("Acosta") recommended that Plaintiff undergo spinal fusion surgery. Dkt. # 1, Ex. A. ["Compl."] ¶ 2. Defendant performed a review of Plaintiff's medical records on Anthem's behalf on March 12,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-1699 PSG (JCx) | Date | May 31, 2016 |
|---|---|---|---|
| Title | Janet Sikiyan v. Gabrielle Morris, MD, *et al.* (CV16-1699 PSG (JCx)) | | |

2015. *Id.* ¶¶ 3, 5. Defendant did not examine or speak to Plaintiff or make any medical recommendation to Plaintiff. *Morris Decl.* ¶ 4. Instead, Defendant conducted four reviews of Plaintiff's medical records and other information received from her treating physician's office. *Id.* Initially, Defendant determined that the proposed surgery did not meet Anthem's definition of medical necessity and recommended that Anthem deny coverage. *Id.* ¶ 7. However, on March 27, 2015, after receiving further clinical records from Acosta's office, Defendant updated her electronic file notes to reflect her new determination that the requested surgery did in fact meet Anthem's definition of medical necessity. *Id.* ¶ 9. On March 31, 2015 Anthem notified Plaintiff and Acosta by letter that the requested surgery had been authorized. *Remand Opp.* Ex 2, *Declaration of Scott Hicks* ["Hicks Decl."], ¶5. According to Anthem's records, that surgery took place on April 14, 2015. *Id.* ¶ 7.

Plaintiff filed this action in Los Angeles Superior Court on October 9, 2015 asserting a claim for medical negligence. *See Compl.* Specifically, Plaintiff alleges that Defendant acted negligently in making the "determination that the surgery to fuse Plaintiff's neck bones (cervical spinal fusion) was not medically necessary[.]" *Id.* ¶ 5. Plaintiff does not address Defendant's March 27, 2015 determination that the procedure was, in fact, medically necessary. *See generally Compl.* Moreover, despite Anthem's assertion that Plaintiff underwent the requested medical procedure she initially requested, Plaintiff alleges that as a result of Defendant's determination she "was forced to undergo an alternative medical procedure that was not effective for her injuries." *Id.* ¶ 6. Plaintiff does not specify how the surgery she underwent differed from the surgery she initially requested. *See generally Compl.* Regardless, Plaintiff claims that as a proximate result of Defendant's actions she was "injured and disabled" and that some of those injuries are permanent. *Id.* ¶¶ 22-23.

Defendant was served on February 12, 2016 and removed to this Court on March 11, 2016 on the basis that Plaintiff's action is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). *See* Dkt. # 1, *Notice of Removal* ("NOR") ¶¶ 2-3. Plaintiff now moves to remand. Dkt. # 10 ("Remand Mot.").

    A.    <u>Motion to Remand</u>

    i.    *Legal Standard*

Federal courts are courts of limited jurisdiction. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. See *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679-80

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-1699 PSG (JCx) | Date | May 31, 2016 |
|---|---|---|---|
| Title | Janet Sikiyan v. Gabrielle Morris, MD, *et al.* (CV16-1699 PSG (JCx)) | | |

(9th Cir. 2006). Federal subject matter jurisdiction is satisfied through removal if the case could have originally been filed in federal court based on either federal question jurisdiction or diversity jurisdiction. *Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). If at any time before final judgment it appears a removing court lacks subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c). There is a strong presumption against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removal statute is "strictly construe[d]" against removal jurisdiction and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

>    *ii.    Discussion*

Defendant removed this case on the basis of federal question jurisdiction. *See NOR*. The presence or absence of federal question jurisdiction is governed by the "well pleaded complaint" rule, under which federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Here, Plaintiff argues that removal was improper because her complaint contains only a claim for medical negligence under California law and presents no federal question. *See Mot.* 8. Defendant argues that removal was proper because Plaintiff's medical negligence claim is preempted by ERISA. *See Opp.* 5.

Because a defense is not part of a plaintiff's properly pleaded complaint, a case ordinarily "may not be removed to federal court on the basis of a federal defense…even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Rivet*, 522 U.S. at 475. (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14 (1983)). However, remand is not proper any time a complaint omits an explicit federal claim. An "independent corollary" to the well-pleaded complaint rule is that "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Id.* Thus, where a court finds that a plaintiff has "artfully pleaded" his claims to avoid asserting a necessary federal question, the court may uphold removal even though no federal question appears on the face of the plaintiff's complaint. *Id.* Accordingly, although federal preemption is ordinarily a defense, "[t]he artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Id.* at 475-76 (citing *Metropolitan Life Ins. Co.*, 481 U.S. 58, 65-66 (1987)); *see* 28 U.S.C. § 1441(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-1699 PSG (JCx) | Date | May 31, 2016 |
|---|---|---|---|
| Title | Janet Sikiyan v. Gabrielle Morris, MD, *et al.* (CV16-1699 PSG (JCx)) | | |

Defendant argues that here, Plaintiff's claim is completely preempted by ERISA § 502(a)(1)(B) ("Section 502(a)"), which allows a plan participant or beneficiary to recover benefits due under the terms of her plan or to enforce her rights under the terms of the plan. *See Opp.* 5; 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has described Section 502(a) as an "integrated enforcement mechanism, which [is] intended to ensure that employee benefit plan regulation is 'exclusively a federal concern.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) (quoting *Alessi v. Raybestos—Manhattan, Inc.*, 451 U.S. 504, 523 (1981)). "Complete preemption under Section 502(a) is really a jurisdictional rather than a preemption doctrine." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009).

A cause of action is completely preempted by Section 502(a) if: (1) an individual could have brought his claim under Section 502(a); and (2) no other independent legal duty is implicated by the defendant's actions. *Davila*, 542 U.S. at 210 "Because this two-prong test…is in the conjunctive, a state-law cause of action is preempted by [Section] 502(a)(1)(B) only if both prongs of the test are satisfied." *Fossen v. Blue Cross and Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1108 (9th Cir. 2011).

> *a.    Plaintiff could have brought her claim under Section 502(a)*

Section 502(a)(1)(B) allows an ERISA-plan participant or beneficiary to recover benefits due to her under the terms of her plan, to enforce her rights under the terms of the plan, or to clarify her right to future benefits under the terms of her plan. 29 U.S.C. § 1132(a)(1)(B). Plaintiff alleges that she could not have brought her claim under Section 502(a) because she does not seek enforcement of any of those rights, but damages she incurred as a result of Defendant's "negligent decision that Plaintiff's treatment was not medically necessary." *Mot.* 9.

The Court disagrees. Defendant's sole involvement in Plaintiff's case was advising Anthem as to whether it should provide Plaintiff with certain benefits under the terms of her plan. Defendant's conduct was only relevant because it resulted in Anthem (allegedly) denying Plaintiff those benefits. Rather than suing Defendant directly for the determination that Anthem should not provide Plaintiff with certain benefits, Plaintiff could have brought a Section 502 action to challenge the actual decision which resulted from Defendant's recommendation. *See Davila*, 542 U.S. at 214 ("[I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan," then the suit "falls within the scope of [Section] 502(a)(1)(B)."). The Court cannot permit Plaintiff to use Defendant as a strawman for challenging what was ultimately Anthem's decision. *See Rivet*, 522 U.S. at 475; *see Davila*, 542 U.S. at 214-15 ("Nor can the mere fact that the state cause of action attempts to authorize

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-1699 PSG (JCx) | Date | May 31, 2016 |
|---|---|---|---|
| Title | Janet Sikiyan v. Gabrielle Morris, MD, *et al.* (CV16-1699 PSG (JCx)) | | |

remedies beyond those authorized by [Section] 502(a) put the cause of action outside the scope of the ERISA civil enforcement mechanism"); *Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1226 (9th Cir. 2005) (state-law statutory claim completely preempted under Davila because "the factual basis of the complaint…was the denial of reimbursement of plan benefits to [the plaintiff]"); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 144 (1990) ("it is no answer to a preemption argument that a particular plaintiff is not seeking recovery of pension benefits"); *Fafara v. American States Life Ins. Co.*, 976 F.Supp. 1368, 1371 (D. Or. 1997) ("Because ERISA is an area of complete preemption, if the true gravamen of plaintiff's action is the deprivation of ERISA plan benefits, the plaintiff cannot avoid preemption by pleading a purported state claim.") (citing *Karambelas v. Hughes Aircraft Co.*, 992 F.2d 971, 973 (9th Cir. 1993)).

### b. *Defendant's conduct did not implicate an independent legal duty*

Furthermore, the Court sees no independent legal duty implicated by Defendant's conduct. "The determination of duty is primarily a question of law." *Keene v. Wiggins*, 69 Cal.App.3d 308, 312 (1977). Plaintiff argues that "[a] doctor has an ethical responsibility to use reasonable care in rendering an opinion that the doctor knows or should know could cause substantial harm to a person" and "Defendant was fully aware that the opinion she was rendering would have a direct impact on Plaintiff's treatment regime." *Mot.* 13-14. However, a duty is not established any time a doctor opines on a Plaintiff's medical situation; rather, a duty arises only where there is an actual physician-patient relationship between the two. *See Keene*, 69 Cal.3d at 312. There is no such physician-patient relationship where a doctor acts as an agent of an insurance carrier to examine an injured person and report to the carrier. *Id.* at 314 (holding that defendant doctor did not owe the plaintiff patient a duty of care where the doctor examined the plaintiff at the request of an insurance company solely to determine whether the plaintiff was disabled for the purpose of workers' compensation).

Here, Defendant was hired by Anthem to conduct a review of Plaintiff's medical records and to analyze whether the requested surgery was medically necessary as Anthem defines the term. Defendant did not speak with, examine or advise Plaintiff in any way. No physician-patient relationship ever arose which could give rise to an independent legal duty. *See id.* (a duty does not arise where a doctor reviews medical records in order to advise an insurance carrier because in the absence of special circumstances it is not foreseeable that a plaintiff would rely on the medical reports produced for the benefit of the carrier); *see also Jakway v. Unum Provident Corp.*, No. CV01-6753 AHM (RZx), 2002 WL 31996043, at *6 (C.D. Cal. May 6, 2002) (physician who "did not examine, evaluate or otherwise communicate with plaintiff, but rather based his opinions solely on his review and analysis of plaintiff's medical records

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-1699 PSG (JCx) | Date | May 31, 2016 |
|---|---|---|---|
| Title | Janet Sikiyan v. Gabrielle Morris, MD, *et al.* (CV16-1699 PSG (JCx)) | | |

submitted to [insurer]" did not owe duty to plaintiff whose disability benefits were terminated as a result of his opinion).

Because Defendant's conduct did not implicate any independent legal duty, *Davila*'s second prong is satisfied. The Court therefore finds that federal question jurisdiction exists on the basis that Plaintiff's medical negligence claim against Defendant is completely preempted by Section 502(a)(1)(B). *See Davila*, 542 U.S. at 214 (removal of state tort claims was proper where claims were brought "to rectify a wrongful denial of benefits promised under ERISA-regulated plans," rather than "to remedy any violation of a legal duty independent of ERISA.").

    B.    <u>Motion to Dismiss</u>

Defendant argues that Plaintiff's negligence claim should be dismissed based on the Court's determination that Plaintiff's claim is completely preempted under *Davila*. *See* Dkt. # 6 ("MTD Mot.") 3-6. However, the Ninth Circuit regards complete preemption under Section 502 as a question of whether ERISA provides a basis for federal subject matter jurisdiction. *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) ("Complete preemption under Section 502(a) is really a jurisdictional rather than a preemption doctrine"). "If complete preemption is present under a [502(a)] analysis, and the case is properly in federal court, the next step is to determine whether the state law claims upon which federal jurisdiction has been conferred survive so-called 'conflict preemption' under ERISA § 514(a)." *Lodi Mem. Hosp. Ass'n v. Tiger Lines, LLC*, No. 2:15-cv-00319-MCE-KJN, 2015 WL 5009093, at *5 (E.D. Cal. Aug. 20, 2015); *see also Destinations to Recovery, LLC v. Abraham Klein*, CV15-5289 PSG (JCx), Dkt. No. 33 at *4 (C.D. Cal. Sept. 16, 2015). The Court therefore addresses whether dismissal of Plaintiff's claim is proper under the principles of conflict preemption.

    i.    *Legal Standard*

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the plaintiff. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009). The court, however, is not required to accept "legal conclusions…cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-1699 PSG (JCx) | Date | May 31, 2016 |
|---|---|---|---|
| Title | Janet Sikiyan v. Gabrielle Morris, MD, *et al.* (CV16-1699 PSG (JCx)) | | |

After accepting all non-conclusory allegations as true and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 556 U.S. at 679-80. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged…The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

    *ii.    Discussion*

ERISA § 514(a) ("Section 514(a)") provides that with the exception of state laws regulating insurance, ERISA "shall supersede any and all State laws insofar as they…relate to any employee benefit plan." 29 U.S.C. § 1144(a). Conflict preemption under Section 514 is therefore a defense which arises when a provision of state law "relates to" an ERISA benefit plan. *See Marin Gen. Hosp.*, 581 F.3d at 945. A provision of state law "relates to" an ERISA benefit plan "if it has a connection with or reference to such a plan." *Ingersoll-Rand Co.*, 498 U.S. at 138 (quoting *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96-97 (1983)). Here, Defendant's sole involvement in Plaintiff's case was advising Anthem as to whether Plaintiff's requested surgery was "medically necessary" within the meaning of her ERISA plan. In other words, Defendant's only role was to refer to and interpret an ERISA plan. A state law claim challenging that interpretation is preempted by ERISA. *See Bui v. American Telephone & Telegraph Co. Inc.*, 310 F.3d 1143, 1149 (9th Cir. 2002) ("If a claim involves a medical decision made in the course of treatment, ERISA does not preempt it; but if a claim involves an administrative decision made in the course of administering an ERISA plan, ERISA preempts it.").

    *iii.    Leave to Amend*

Having determined that Plaintiff's medical negligence claim is preempted under ERISA, the Court must determine whether to grant Plaintiff leave to amend her claim. "Generally, [Federal Rule of Civil Procedure] 15 advises the court that 'leave shall be freely given when justice so requires.' This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Court, however, may deny leave to amend if amendment would be futile. *See Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041-42 (9th Cir. 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-1699 PSG (JCx) | Date | May 31, 2016 |
|---|---|---|---|
| Title | Janet Sikiyan v. Gabrielle Morris, MD, *et al.* (CV16-1699 PSG (JCx)) | | |

      The Court finds that amendment would be futile here. While Plaintiff's claim against Defendant is conflict preempted by ERISA because it relates to Plaintiff's ERISA-governed plan, Plaintiff cannot reassert an ERISA claim against Defendant. "Proper defendants under [Section 502(a)] for improper denial of benefits include ERISA plans, formally designated plan administrators, insurers or other entities responsible for payment of benefits, and de facto plan administrators that improperly deny or cause improper denial of benefits. 29 U.S.C. § 1132(a)(1)(B); *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1297 (9th Cir. 2014). Such suits "may be brought 'against the plan as an entity and against the fiduciary of the plan.'" *Id.* (quoting *Hall v. Lhaco, Inc.*, 140 F.3d 1190, 1194 (8th Cir. 1998) (emphasis added)). "A fiduciary is any entity that 'exercises any discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets…or has any discretionary authority or discretionary responsibility in the administration of such plan.'" *Id.* (quoting 29 U.S.C. § 1002(21)(A); *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 844-45 (5th Cir. 2013)).

      Here, Defendant was not a formally designated plan administrator, nor did she exercise discretionary control over Plaintiff's plan. Although Defendant was hired to advise Anthem as to whether they should approve or deny Plaintiff's benefits, the ultimate decision of whether to do so was outside of Defendant's control. Defendant is therefore not a proper defendant under Section 502(a). *See Cox v. Reliance Standard Life Ins. Co.*, No. 1:13-CV-00104-AWI-JLT, 2014 WL 896985, at * (E.D. Cal. Mar. 6, 2014) (noting that "[t]he proper defendant to a [Section 509(a)] claim is the party with authority to resolve benefit claims or responsibility to pay them" and finding that a complaint against an entity who lacks such authority must be dismissed). Because amendment would be futile, the Court dismisses Plaintiff's claim against Defendant WITHOUT LEAVE TO AMEND.[1]

      C.    <u>Attorneys' Fees</u>

---

[1] The Court recognizes that by finding Plaintiff's claim against Defendant preempted but denying leave to amend on the basis that Defendant is not a proper ERISA defendant, it leaves Plaintiff without a remedy against Defendant. However, the Ninth Circuit has explicitly recognized and approved of ERISA's capability of blocking certain claims altogether. *See Bast v. Prudential Ins. Co. of America*, 150 F.3d 1003, 1009-10 (9th Cir. 1998) (recognizing that "our interpretation of the pre-emption clause leaves a gap in remedies within a statute intended to protect participants in employee benefit plans" and that "ERISA does not provide the full range of remedies available under state law" but that these realities "do[] not affect a pre-emption analysis" and "in no way undermine[] ERISA preemption") (citations and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-1699 PSG (JCx) | Date | May 31, 2016 |
|---|---|---|---|
| Title | Janet Sikiyan v. Gabrielle Morris, MD, *et al.* (CV16-1699 PSG (JCx)) | | |

Lastly, Defendant requests an award of attorneys' fees. *MTD Mot.* 10-11. ERISA § 502(g)(1) ("Section 502(g)") provides that in any action by a participant, beneficiary or fiduciary, the court in its discretion may allow reasonable attorneys' fees and costs of the action to either party. 29 U.S.C. § 1132(g)(1). The Ninth Circuit has directed that district courts exercising their discretion as to whether to grant attorneys' fees under ERISA consider: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of opposing parties to satisfy an award of fees; (3) whether an award of fees against opposing parties would deter others from acting under similar circumstances; (4) whether parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980).

Here, Defendant argues she is entitled to an award of attorneys' fees because: Plaintiff acted in bad faith by bringing a "deliberately vague" complaint to avoid preemption; Plaintiff's job at an accounting firm and status as a homeowner enable her to pay; an award of fees would deter future plaintiffs attempting to avoid ERISA; Defendant should never have been sued to begin with; and there is no merit to Plaintiff's position. *MTD Mot.* 11-12.

The Court disagrees, and finds that the factors weigh against granting attorneys' fees. First, the Court is unwilling to find that Plaintiff engaged in bad faith by filing a vague complaint. Second, courts typically find that the "ability to pay" factor weighs in favor of granting attorneys' fees against defendant employers who will not be seriously affected, not – as Defendant suggests here – individual plaintiffs. *See Carpenters Southern California Administrative Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984) (explaining that a plaintiff is more likely than a defendant employer to recover fees under Section 502(g) because a defendant employer will often be able to pay its own fees). Third, the Court does not find that an award of attorneys' fees would serve as an effective deterrent against future plaintiffs, who "will be sufficiently deterred from instituting vexatious suits by the absence of personal gain therefrom and the likelihood that they will have to pay their own fees and costs should they not prevail." *Id.* (citation omitted). Fourth, in litigating this case Defendant did not seek "to benefit all participants and beneficiaries of an ERISA plan to resolve a significant legal question regarding ERISA," but to avoid liability for a case she argues should never have been brought against her. Lastly, while the Court finds that Plaintiff's claim is preempted by ERISA, Plaintiff's claim was not wholly without merit. Although Plaintiff betrayed a fundamental (and perhaps deliberate) misinterpretation of the physician-patient relationship in seeking to hold her insurer's consulting physician liable, there is little to no case authority on the question of whether such a suit should be completely preempted under the *Davila* test.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-1699 PSG (JCx) | Date | May 31, 2016 |
|---|---|---|---|
| Title | Janet Sikiyan v. Gabrielle Morris, MD, *et al.* (CV16-1699 PSG (JCx)) | | |

In sum, the Court finds no reason to exercise its discretion to award attorneys' fees under Section 502(g). Defendant's request for fees is therefore DENIED.

IV.     Conclusion

For the foregoing reasons, Plaintiff's motion to remand is DENIED and Defendant's motion to dismiss is GRANTED. Plaintiff's claim is DISMISSED WITHOUT LEAVE TO AMEND. Defendant's request for statutory attorneys' fees is DENIED.

**IT IS SO ORDERED.**